Williams, J.,
 

 concurring. This court has under consideration the civil service status of a person, ap
 
 *179
 
 pointed provisionally after a non-competitive examination to a position in the classified service.
 

 What is the meaning of Section 486-14, General Code, which provides for provisional appointments? No provisional appointment is ever to be made unless there are urgent reasons for filling a vacancy and the Civil Service Commission is unable to certify to the appointing authority a list of persons eligible for appointment as determined by a competitive examination. If, however, a provisional appointment must be made, the appointing authority nominates a person to the commission for a non-competitive examination. The commission conducts the non-competitive examination and if it finds the person examined qualified for the position certifies him to the appointing authority. Thereupon he ‘‘may be appointed provisionally to fill such vacancy
 
 until a selection and appointment can be made
 
 after competitive examination, but such provisional appointment shall continue in force only until regular appointment can be made from eligible lists prepared by the commission, and such eligible lists shall be prepared within ninety days thereafter.” (Italics ours.) It is thus apparent that a provisional appointee serves for a determinate period • prescribed by statute.
 

 Is an employee (who is appointed provisionally after a non-competitive examination) in the classified service and not subject to removal without compliance with Section
 
 1486-17a,
 
 General Code, which provides for notice of removal and a hearing?
 

 A position may be in the classified service and the incumbent filling the position may not be.
 

 Section 486-1, paragraph 3, General Code (106 Ohio Laws, 400), contains this provision: “The term ‘classified service’ signifies the competitive classified civil service of the state * * In this connection “classified service” refers to the positions and not the incumbents thereof.
 

 
 *180
 
 Section 486-8, General Code, after specifically providing what positions are in the unclassified service, recites: “The classified service shall comprise
 
 all persons
 
 in the employ of the state * * * not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class.
 

 “1. The competitive class shall include all positions and employments now existing or hereafter created in the state, * * * for which it is practicable to determine the merit and fitness of applicants by competitive examinations.” (Italics ours.) Obviously the relators did not hold positions in the unclassified service nor in the unskilled labor class. Consequently they must have held positions in the competitive class.
 

 It remains tó consider whether the relators in filling positions in the classified service were themselves in the classified service. If they were, their removal without notice and hearing was illegal. Of course there is no express statutory provision to the effect that
 
 k
 
 provisional appointee is not in the classified service. Section 486-17, General Code, by its terms does not apply to temporary or exceptional appointments made under authority of Section 486-14, but Section 486-2, General Code, which is germane, provides: “On and after the taking effect of this act [Sections 486-1 to 486-31, General Code (106 Ohio Laws, 400)], appointment to and promotion in the civil service of the state, the several counties, cities and city school districts thereof, shall be made only according to merit and fitness to be ascertained as far as practicable by competitive examination; and thereafter no person shall be appointed, removed, transferred, laid off, suspended, reinstated, promoted or reduced as an officer or employee in the civil service of the state, the several counties, cities and city school districts thereof, in any manner or by any means other than those prescribed in this act or by the rules of the state or municipal
 
 *181
 
 civil service commissions within their respective jurisdictions as herein provided.”
 

 By virtue of this section when an appointment is made according to merit and fitness, removal can be made only as provided in the statutes governing civil service; and it makes no difference whether merit and fitness are ascertained by a competitive or non-competitive examination, for a competitive examination is required only in so far as practicable.
 

 It is not well, however, to attach too much importance to one passage or to allow the letter of the law to obscure its purpose. After all, the spirit of the law is the touchstone of interpretation. When all the the statutes are read together in the light of the constitutional provision the conclusion is inevitable that the intent of the Legislature was to put in the classified service all persons appointed upon merit and fitness after due examination competitive or non-competitive. See Section 10, Article XY of the Ohio Constitution.
 

 A person, who has been certified as qualified after a non-competitive examination as to merit and fitness and who has been appointed to a position in the classified service upon such certification, is himself in the classified service and entitled to hold the position until an appointment is made from an eligible list duly certified. Being in the classified service, he can be removed only as provided by statute.
 

 Lastly let it be borne in mind that, if state laws as to civil service are observed, all provisional appointees should be replaced within ninety days but only from names certified from the eligible lists after competitive examinations.